```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF GEORGIA
                         MACON DIVISION


CHRISTOPHER REED, REGINALD HOLDEN and   |
COREY MCCLENDON, on behalf of themselves|
and a class of similarly situated       |
persons,                                |
                                        |
      Petitioners,                      |      CLASS ACTION
                                        |
v.                                      |      CASE NO. ____
                                        |
GARY LONG, in his official capacity and |      JURY TRIAL
individually, JEANETTE RILEY,           |      REQUESTED
individually and John or Jane Does #1-3,|
individually.                           |
                                        |
      Respondents.                      |
_____|
```

**COMPLAINT FOR DECLARATORY RELIEF,
INJUNCTIVE RELIEF
AND DAMAGES**

### Introduction

Petitioners are all subject to application of, and involuntary compliance with, O.C.G.A. §42-1-12, et seq., the Georgia Sex Offender Registry ("Registry") at present and in the future. Petitioners, as named class representatives, are registered sex offenders in Butts County who, like all other registrants in the county, had Butts County Sheriff's Deputies, including Riley, acting under color of law and at the direction of Sheriff Long, place signs at their residences stating that they were registered sex offenders in the week prior to Halloween, 2018.

1

Respondents are the Sheriff of Spalding County and his subordinates who, acting under color of law, but without lawful authority, entered upon Petitioners' property and compelled them to display signs alerting the public to the fact that they are registered sex offenders.

Petitioners seek declaratory and injunctive relief as well as damages pursuant to 42 U.S.C. §§1983 and 1988, the First, Fifth and Fourteenth Amendments to the United States Constitution and O.C.G.A. §51-9-1 arising from Respondent's actions. In support of their request, Petitioners show as follows:

## **Parties**

**1.**

Petitioner Christopher Reed is a natural person and citizen of the United States of America residing in Butts County, Georgia, and is of full age. Reed is required to register in Georgia as a sex offender. At no time during the events of this case was Reed under sentence for any crime.

**2.**

Petitioner Reginald Holden is a natural person and citizen of the United States of America, residing in Butts County, Georgia, and is of full age. Holden is required to register in Georgia as a sex offender. At no time during the events of this case was Holden under sentence for any crime.

The Law Offices of Mark Allen Yurachek & Associates, LLC
55 Ivan Allen Boulevard, Suite 830 • Atlanta, Georgia 30308 • 104 North Oak Street • Falls Church, Virginia 22046 • Phone: (470) 319-8721 • Fax (404) 220-7668 • mark@myappealslawyer.com

3.

Petitioner Corey McClendon is a natural person and citizen of the United States of America, residing in Butts County, Georgia, and is of full age. McClendon is required to register in Georgia as a sex offender. At no time during the events of this case was McClendon under sentence for any crime.

4.

Respondent, Gary Long, is an individual who was, at all times relevant to the allegations in this Complaint, the duly elected Sheriff of Butts County, Georgia, acting under color of law.

3.

Respondent, Deputy Jeanette Riley, is an individual who was, at all times relevant to the allegations in this Complaint, an employee of the Butts County Sheriff's Department ("BCSD"), acting under color of law. Riley is sued in her individual capacity. Riley is a resident of the State of Georgia.

4.

Respondents, John Does #1-3, are unidentified individuals who were, at all times relevant to the allegations

in this Complaint, employees of the BCSD, acting under color of law, who participated in placing signs at Petitioners' residences stating that they were registered sex offenders. John Does #1-3 are sued in their individual capacities. John Does #1-3 are residents of the State of Georgia.

### Jurisdiction and Venue

5.

The case presents a federal question under 42 U.S.C. §1983, Art. IV, §2, Clause 1 of the Constitution and the Fourteenth Amendment to the Constitution. This Court has subject matter jurisdiction under 28 U.S.C. §§1331 and 1343.

6.

Petitioners also bring state-law claims arising out of the same events and occurrences, and the Court may exercise supplemental jurisdiction over these claims pursuant to 28 U.S.C. §1367. Declaratory relief is available pursuant to 28 U.S.C. §2201

7.

This Court has personal jurisdiction over the parties under Fed. R. Civ. P. 4(k)(1)(a) and Ga. Const. art. 6, §4, ¶I.

8.

Venue is proper in the Middle District of Georgia under 28 U.S.C. §1391(b). Respondents are sued in their individual

The Law Offices of Mark Allen Yurachek & Associates, LLC
55 Ivan Allen Boulevard, Suite 830 • Atlanta, Georgia 30308 • 104 North Oak Street • Falls Church, Virginia 22046 • Phone: (470) 319-8721 • Fax (404) 220-7668 • mark@myappealslawyer.com

and official capacities and have official places of business located within the Middle District of Georgia. Further, a substantial part of the events giving rise to this Complaint occurred within the boundaries of this District and Respondents still reside within this District.

### Class Allegations

**9.**

Petitioners bring this action individually and, pursuant to Rules 23(a) and (b)(2) & (3) of the Federal Rules of Civil Procedure, on behalf of a class of similarly situated persons. Petitioners seek to certify a class defined as all registered sex offenders in Butts County who were compelled by the Butts County Sheriff's Department to display a sign stating that they were a registered sex offender at their residence between October 24, and November 2, 2018.

**10.**

Petitioners meet the requirements of Rule 23(a) in that:

a)   The class is so numerous that joinder of all members is impracticable. The class consists of all of the over two hundred registered sex offenders in Butts County, who were told by the BCSD to display a sign stating that they were a registered sex offender at their residence, between October 24, and November 2, 2018.

The Law Offices of Mark Allen Yurachek & Associates, LLC
55 Ivan Allen Boulevard, Suite 830 • Atlanta, Georgia 30308 • 104 North Oak Street • Falls Church, Virginia 22046 • Phone: (470) 319-8721 • Fax (404) 220-7668 • mark@myappealslawyer.com

b) Every class member's claims turn centrally on the following questions, which are therefore common to the class:

1) whether the Butts County Sheriff exceeded his authority in compelling registrants to display a sign stating that they were a registered sex offender at their residence between October 24, and November 2, 2018;

2) whether the BCSD trespassed on Petitioners' residences in order to display signs that stated that Petitioners were registered sex offenders;

3) whether the BCSD unlawfully occupied Petitioners' property when they placed signs at their residences stating that Petitioners were registered sex offenders, without compensation.

c) The claims of the named Petitioners are typical of the claims of the class because each member of the class was approached by the BCSD and either had a sign involuntarily placed at their residence by the BCSD or were ordered to do the same.

d) The named Petitioners will fairly and adequately protect the interest of the class. The Petitioners possess the requisite personal interest in the subject matter of the lawsuit and possess no interests adverse

to the other class members. The Petitioners are represented by Mark Allen Yurachek & Associates, LLC, and Horsley Begnaud, LLP, law firms with extensive experience in civil rights and personal injury cases, as well as litigation involving the Georgia Sex Offender Registry.

**11.**

Petitioners meet the requirement of Rule 23(b)(2) because the BCSD, when advised that its actions were *ultra vires*, contrary to the law and violative of the class's constitutional rights, refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

**12.**

Petitioners meet the requirement of Rule 23(b)(3) because common questions of law and fact predominate over questions affecting individual class members and a class action is superior to any other method of adjudicating this dispute. In this case in which over two hundred registrants were unlawfully compelled to display signs, a class action will permit common questions of law and fact to be resolved in one proceeding, and will avoid burdening the court with

numerous, separate lawsuits that could result in inconsistent judgments.

## Statement of Facts

### Christopher Reed

**13.**

Reed is required to register in Georgia as a result of his conviction for sexual assault in Cook County, Illinois, in April, 2007. He objects to being labelled a "sex offender."

**14.**

Reed has lived with his father, who owns their home, in Butts County, for the past six years.

**15.**

On or about October 27, 2018, Butts County Sheriff's Deputies came onto Reed's property without permission and placed a sign thereon indicating that Reed was a registered sex offender.

**16.**

The next morning, on his way to church, Reed's father noticed the sign and contacted the BCSD.

**17.**

Reed's father informed the BCSD that they did not have permission to display the sign on his property.

**18.**

A Butts County Sheriff's Deputy informed Reed's father that the sign had to be displayed at least on October 31, 2018.

**19.**

On November 1, 2018, a Butts County Sheriff's Deputy again came onto Reed's property without permission and took the sign from the residence.

### Reginald Holden

**20.**

Holden is required to register in Georgia as a result of a conviction for lewd and lascivious battery in Pinellas County, Florida, in 2004. He objects to being labelled a "sex offender."

**21.**

Holden has been a homeowner in Butts County for nearly two years.

**22.**

His first Halloween as a homeowner, DCSD gave Holden a small sign and told him to put it in his window on October 31, 2017, turn his lights off and not to pass out candy for Halloween.

The Law Offices of Mark Allen Yurachek & Associates, LLC
55 Ivan Allen Boulevard, Suite 830 • Atlanta, Georgia 30308 • 104 North Oak Street • Falls Church, Virginia 22046 • Phone: (470) 319-8721 • Fax (404) 220-7668 • mark@myappealslawyer.com

23.

On October 23, 2018, the BCSD entered upon Holden's property without his permission and placed a sign in his lawn while he was at work.

24.

When Holden arrived home to see the sign, he contacted the BCSD and spoke with Riley, stating that the BCSD did not have permission to enter his property and that he objected to the sign being placed on his lawn because it jeopardized his and his home's safety.

25.

Riley responded by stating that some counties make registrants spend Halloween night in jail.

26.

Riley further stated that Long had decided that signs would be placed at registrants' residences a week prior to Halloween in 2018.

27.

Riley further cautioned that if Holden moved the sign, he would be arrested.

28.

The sign was removed from Holden's lawn on November 2, 2018.

**29.**

Holden subsequently attempted to make an appointment with Long to discuss his concerns about the BCSD's policy concerning the signs, but was never given an appointment to speak with him.

### Corey McClendon

**30.**

McClendon is required to register in Georgia as a result of a conviction for statutory rape in Butts County in 2001. He objects to being labelled a "sex offender."

**31.**

McClendon lives with his parents, who own their home, in Butts County.

**32.**

The weekend prior to Halloween in 2018, Riley and John Doe #2 knocked on McClendon's door and informed him that he had to display a sign stating that he was a registered sex offender on his front lawn.

**33.**

McClendon was told that he could not move or touch the sign.

**34.**

McClendon was informed that if he touched the sign, he would get in trouble.

**35.**

Riley and Doe #2 placed the sign in McClendon's lawn and then picked it up on either November 1 or 2, 2018.

**36.**

When the deputies came to his residence, McClendon objected to their presence and informed them that they were not authorized to put the sign in his lawn.

### Respondents' Actions Harmed Petitioners

**37.**

Respondents' actions caused the BCSD to take and occupy Petitioners' property for the purpose of displaying signs which they had no legal obligation to display without any compensation.

**38.**

Respondents' actions harmed Petitioners by causing them injury including anxiety, embarrassment and humiliation.

**39.**

Respondents' actions caused Petitioners to experience fear, shame and emotional distress.

**40.**

Respondents' actions harmed Petitioners by damaging their ability to trust law enforcement officers and persons in position of authority generally.

The Law Offices of Mark Allen Yurachek & Associates, LLC
55 Ivan Allen Boulevard, Suite 830 • Atlanta, Georgia 30308 • 104 North Oak Street • Falls Church, Virginia 22046 • Phone: (470) 319-8721 • Fax (404) 220-7668 • mark@myappealslawyer.com

**Respondents' Actions Violated Clearly Established Law**

**41.**

It is clearly established that law enforcement officers who intrude upon a citizen's property without consent or lawful authority have trespassed upon that citizen's property.

**42.**

It is clearly established that, by physically occupying another's property without compensation, even if the invasion is temporary, government actors have implemented a taking within the contemplation of the Fifth and Fourteenth Amendments.

**43.**

It is clearly established that a citizen may not be coerced to speak or endorse ideas that they find objectionable.

**44.**

Respondents intruded upon Petitioners' property without consent for the purpose of placing signs stating that Petitioners were registered sex offenders on their property.

**45.**

Respondents had no legal authority either to place such signs on Petitioners' property, or to compel Petitioners to do the same.

**46.**

By placing the signs on Petitioners' lawns, Respondents, on behalf of the government, temporarily physically occupied Petitioners' property without any compensation.

**47.**

By compelling Petitioners to display signs that stated that they were registered sex offenders under threat of arrest, Respondents compelled Petitioners to endorse speech which they found objectionable.

**Claims for Relief**

*Count 1*

*Violation of The First Amendment: Compelled Speech*

**48.**

Petitioners adopt and reassert paragraphs 1-45, *supra*, as if stated *verbatim* herein.

**49.**

O.C.G.A. §42-1-12, et seq. defines the obligations for registrants subject to it.

**50.**

O.C.G.A. §42-1-12, et seq. defines the authority of government officials tasked with enforcing it.

51.

O.C.G.A. §42-1-12 does not ever require registrants to place signs or other materials at their residence stating that they are registered sex offenders.

52.

O.C.G.A. §42-1-12 does not authorize county sheriffs to compel registrants to place signs or other materials at their residence stating that they are registered sex offenders.

53.

Respondents' Halloween policy compels Petitioners, in addition to their obligations under O.C.G.A. §42-1-12, et seq., involuntarily to declare and publicize to their neighbors, community members and passers-by that they are registered sex offenders.

54.

Respondents' actions thus violate Petitioners' right to be free from compelled speech as secured by the First Amendment to the United States Constitution.

55.

Respondents' compelled speech requirement is not narrowly tailored to a compelling government interest.

56.

Absent injunctive or declaratory relief against this requirement, Respondents will continue to be harmed.

**57.**

Respondents are liable if they have violated Petitioners' rights in any one of the ways enumerated.

**58.**

The actions by the Respondents set forth, *supra*, violate Petitioners' rights under 42 U.S.C. §1983.

*Count 2*

*State Law: Trespass*

**59.**

Petitioners adopt and reassert paragraphs 1-56, *supra*, as if stated *verbatim* herein.

**60.**

Respondents wrongfully interfered with Petitioners' right of exclusive use and benefit of their property by entering said property without authority in violation of O.C.G.A. §51-9-1.

**61.**

Respondents intentionally entered upon Petitioners' property without lawful authority for the purpose of displaying signs stating that Petitioners were registered sex offenders.

**62.**

Respondents' forcible entry and trespass onto Petitioners' property caused damage or disfigurement to Petitioners' property.

**63.**

Petitioners did not grant authority to Respondents or their agents at any time to interfere with Petitioners' personalty and realty.

**64.**

Respondents placed signs or required placement of signs on Petitioners' property without authority from Petitioners.

**65.**

After Petitioners and/or their agents informed Respondents that they were no permitted to enter their property, Repondents subsequently entered the property to collect the signs.

**66.**

The actions by the Respondents set forth, *supra*, violate Gardei's rights under 42 U.S.C. §1983.

*Count 3*

*Violation of the Fifth Amendment: Unlawful Taking*

**67.**

Petitioners adopt and reassert paragraphs 1-64, *supra*, as if stated *verbatim* herein.

The Law Offices of Mark Allen Yurachek & Associates, LLC
55 Ivan Allen Boulevard, Suite 830 • Atlanta, Georgia 30308 • 104 North Oak Street • Falls Church, Virginia 22046 • Phone: (470) 319-8721 • Fax (404) 220-7668 • mark@myappealslawyer.com

**68.**

Respondents' actions appropriated Petitioners' property for the purpose of placing signage on their lawn without their permission.

**69.**

If Respondents' actions were not *ultra vires*, then they took temporary Petitioners' property interest temporarily for an alleged public purpose.

**70.**

Respondents' actions constitute a taking without just compensation of Petitioners' real property under the Fifth Amendment through the Fourteenth Amendment of the United States Constitution and Art. I, §3, ¶I(a) of the Georgia Constitution.

**71.**

Petitioners are damaged by Respondents' actions in the decrease of fair market value and by Respondents' taking.

**72.**

The actions by the Respondents set forth, *supra*, violate Petitioners' rights under 42 U.S.C. §1983.

**WHEREFORE,** Petitioners respectfully requests that this Honorable Court:

- **HOLD** a trial by jury on all issues so triable;

- **AWARD** damages, declaratory and injunctive relief as set out herein;

- **GRANT** a preliminary and permanent injunction against Respondents in their official capacities enjoining Respondents, their officials, agents, employees, assigns and all persons acting in concert or participating with them from implementing or enforcing the Butts County Sheriff's Department's policy of trespassing upon sex offenders' residences for the purposes of compelling them to display signs stating that they are registered sex offenders;

- **DECLARE** that Respondents' policy and practice of coming onto the property of Petitioners and those similarly situated without permission to display signs announcing their sex offender status is unlawful and invalid;

- **AWARD** Petitioners damages against Respondents in their individual capacities for compensatory and economic harm, emotional distress, costs of suit and reasonable attorneys' fees and expenses pursuant to 42 U.S.C. §1988 and any other applicable law;

- **GRANT** such other and further relief as this Court may deem just and appropriate.


This __ day of September, 2019.


       Respectfully Submitted,
       YURACHEK & ASSOCIATES, LLC

       //s// Mark Yurachek
       _____
       Mark Yurachek
       Georgia Bar No. 78359955
       Ivan Allen Jr. Boulevard
       Suite 830
       Atlanta, Georgia 30308
       (470) 319-8721
       mark@myappealslawyer.com

```
                         HORSLEY BEGNAUD, LLC

                         /s/ Mark Begnaud
                         _____
                         Mark Begnaud
                         Ga. Bar No. 217641
                         750 Hammond Drive
                         Building 12, Suite 300
                         Atlanta, Georgia 30328
                         (770) 765-5559
                         (404) 602-0018(fax)
                         mbegnaud@gacivilrights.com


                         Attorneys for Petitioners
```