**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **CHRISTOPHER REED,** *et al.,* | ) | |
| | ) | |
| | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:19-CV-385 (MTT)** |
| | ) | |
| **GARY LONG,** *et al.,* | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**ORDER**

On October 27, 2020, the Court entered an order denying the Plaintiffs' motion

for summary judgment and granting in part and denying in part the Defendants' motion

for summary judgment.  The only remaining claim was Plaintiff Holden's takings claim

against the Sheriff in his official capacity.  The Defendants' motion had addressed

Eleventh Amendment immunity but did not specifically address whether that immunity

applied to takings claims.  Doc. 51-4 at 6-7, 29.  In response, the Plaintiffs argued,

based on inapposite, Georgia law, that the Eleventh Amendment did not apply to the

takings claims.  Doc. 56 at 19.  The Court denied the Defendants' motion as to the

official-capacity takings claims.  Doc. 58 at 8.

The Defendants then moved for reconsideration, specifically arguing that the

Eleventh Amendment bars the takings claims.  Docs. 59; 59-1 at 1-3.[1]  The Plaintiffs did

---

[1] The Defendants note that they summarily argued this point in their reply brief.  Doc. 59-1 at 2 n.1 (citing Doc. 57 at 10 n.4).  Plaintiff's counsel had proposed a schedule under which both parties would have extra time to file response briefs but would waive reply briefs.  The Court was under the impression the parties had adopted that schedule and did not consider the Defendants' reply.  The Plaintiffs did not file a reply.

-2-

not respond.  After review, the Court finds the Eleventh Amendment bars the takings claims.  *See Harbert Int'l, Inc. v. James*, 157 F.3d 1271, 1277 (11th Cir. 1998) ("[W]e conclude that Harbert's Fifth Amendment Takings Clause claim is barred by Eleventh Amendment sovereign immunity.").  Accordingly, the motion for reconsideration (Doc. 59) is **GRANTED**, the prior order (Doc. 58) is **VACATED**, and the Court will enter an amended order.

       **SO ORDERED**, this 10th day of December, 2020.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
